UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 6:25-cr-63-NJB** |
| | ) | |
| JOSHUA FIRMIN | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE INADMISSIBLE HEARSAY STATEMENTS

The United States anticipates that, at trial in the above-captioned matter, Defendant Firmin may seek to elicit testimony from A.L., an Iberia Parish Sheriff's Office employee who transported Victim 1 to and from his federal court appearance on the day of the alleged offense, about statements that A.L. claims Victim 1 made to her while A.L. was driving Victim 1 between the Iberia Parish Jail and the U.S. Courthouse in Lafayette.

The United States respectfully requests that this court enter an order *in limine* prohibiting Defendant Firmin from eliciting inadmissible hearsay statements of Victim 1 from A.L. or any other witness.

### I.   FACTUAL BACKGROUND

A.L. was one of the Iberia Parish Sheriff's Office deputies who transported Victim 1 from the Iberia Parish jail to the U.S. District Courthouse in Lafayette on February 29, 2024. In her interview with DOJ-OIG investigators, A.L. claimed that, during the drive to court, Victim 1 made

1

repeated statements to her to the effect that he intended to spit on and punch Defendant Firmin when they arrived at the federal courthouse.

A.L. then dropped Victim 1 off at the federal courthouse, where District Security Officer B.S. took custody of him. Defendant Firmin was not present at the prisoner transfer, and A.L. did not speak to or see Defendant Firmin when she dropped Victim 1 off at court. However, A.L. did send Defendant Firmin a text message, which said "watch out for [Victim 1] . . . for some reason he really don't like you. Just wanted to make sure." Apart from that text message, A.L. did not speak to or communicate with Defendant Firmin before Defendant Firmin's use of force against Victim 1.

A.L. also claimed in her interview that, on the return trip to the Iberia Parish Jail (i.e., after the incident), Victim 1 told her that he had resisted Defendant Firmin's efforts to escort him from one cell to another and accidentally hit his own head against a wall while trying to jerk out of Defendant Firmin's grasp.[1]

## II.    APPLICABLE LAW

The Federal Rules of Evidence strictly regulate the introduction of out-of-court statements into evidence. Unless an enumerated exception or exclusion applies, an out-of-court statement may not be offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801, 802.

The prior out-of-court statement of a testifying witness may be introduced to impeach the witness's credibility if it is inconsistent with the witness's testimony at trial. Fed. R. Evid.

---

[1] This account of Victim 1's post-incident statements conflicts sharply with that given to OIG by the other Iberia Parish deputy present during the transport rides, who recalled Victim 1 saying that Defendant Firmin had thrown him into a wall.

801(d)(1)(A). Alternatively, it may be offered to show its effect on one who heard it – such as placing the hearer on notice of a threat or giving the listener reason to fear harm.

However, when offered for that purpose, the relevance (and thus the admissibility) of the statement is conditional: it bears on the listener's state of mind only if the proponent shows that the listener actually heard or otherwise learned of the statement. If the listener never received the statement, it cannot have affected the listener's perception of danger. The proponent of conditionally-relevant evidence bears the burden of establishing the facts upon which relevance is conditioned. Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist.")

## III.    ARGUMENT

If Victim 1 does not testify, there can be no permissible non-hearsay use of his alleged pre- or post-incident statements to A.L. The government accordingly requests that, if Victim 1 does not testify, this Court exclude (1) any testimony by A.L. (or any witness) about statements Victim 1 made before Defendant Firmin assaulted him and about which Defendant Firmin had no knowledge and (2) any testimony about statements Victim 1 purportedly made about the incident after it occurred.

### i.  If Victim 1 does not testify, his prior out-of-court statements and criminal history are not proper impeachment

If Victim 1 testifies at trial, his testimony will be subject to impeachment, including by another witness's testimony about any prior inconsistent statement the witness claims to have heard. The statement would be admissible for impeachment only (i.e., not to prove the truth of the matter asserted), and any conflict about the existence or contents of the statement would be a matter of credibility for the jury to resolve. But if Victim 1 does not testify, Defendant Firmin may not

3

elicit testimony from A.L. about his prior statements, because doing so would have no purpose other than to attempt to persuade the jury that the alleged prior statement was true – the exact thing the hearsay rules prohibit.

### ii. Victim 1's alleged pre-incident statements to A.L. cannot be offered for their effect on Defendant Firmin, because A.L. never communicated their contents to Defendant Firmin

The government does not dispute that any information that Defendant Firmin actually possessed, at the time he used force against Victim 1, about Victim 1's intentions toward him is admissible to show Defendant Firmin's state of mind at that time. But on this record, Defendant Firmin cannot show that he learned or knew of any statements that Victim 1 made to A.L. on the ride from the Iberia Parish Jail to the federal courthouse before he used force on Victim 1.

The evidence will show that, before using force on Victim 1, Defendant Firmin received information about Victim 1's attitude toward him from two different people: A.L. (by text messages only) and District Security Officer B.S. (by text message and a face-to-face conversation in the Marshal's Service office).  A.L.'s text messages, which the government obtained during its investigation and has disclosed to Defendant Firmin, do not describe any statements Victim 1 made during his transportation to the federal courthouse. Rather, they state only that Victim 1 "[didn]'t like" Firmin.

Because a statement offered to show notice of a threat or fear is relevant only if the Defendant knew of it, any pre-incident statements made to A.L. do not meet the conditional relevance threshold for admission. Without proof that the defendant learned of a threatening statement, it cannot bear on the defendant's state of mind. The Court should accordingly preclude A.L. from testifying to any threatening statements that she claims to have heard Victim 1 make about Defendant Firmin before the incident.

4

### iii.  A.L.'s testimony about Victim 1's post-incident statements should be excluded because it is hearsay not covered by any exception.

The Court should prohibit Defendant Firmin from attempting to elicit A.L.'s dubious claim that Victim 1 told her he had inadvertently injured himself while resisting Defendant Firmin's efforts to escort him between cells. Because this supposed statement was not made until after the offense, it can have no bearing whatsoever on Defendant Firmin's intent or state of mind, even if he learned of it. The alleged statement's only permissible non-hearsay use would be to impeach Victim 1 if he testified that he was injured when Defendant Firmin threw him into a wall. But if Victim 1 does not testify, the statement is inadmissible.

## IV.    RELIEF REQUESTED

For the reasons discussed above, the United States respectfully requests that this court issue an order *in limine* prohibiting Defendant Firmin from eliciting (1) any testimony purporting to repeat pre-incident statements by Victim 1 that were not relayed to Defendant Firmin and (2) any testimony purporting to repeat or summarize post-incident statements by Victim 1, unless Victim 1 testifies and such statements constitute permissible impeachment.

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

Date:    March 11, 2026

By:    /s/ *Alec C. Ward*
Alec C. Ward
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section
150 M Street NW
Washington, DC 20002

(202) 532-3991
alec.ward@usdoj.gov

and

DAVID I. COURCELLE
United States Attorney
Eastern District of Louisiana

By:    /s/ *Chandra Menon*
Chandra Menon
Assistant United States Attorney
Eastern District of Louisiana
*Acting Under Authority Conferred by 28 U.S.C. § 515*
650 Poydras St., Suite 1600
New Orleans, LA 70130
(405) 680-3000
Chandra.Menon@usdoj.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:   /s/ *Alec Ward*
Alec Ward
Trial Attorney
Civil Rights Division, Criminal Section
150 M St NE
Washington, DC 20002
(202) 532-3991
Alec.ward@usdoj.gov