UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 6:25-cr-63-NJB** |
| | ) | |
| JOSHUA FIRMIN | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE VICTIM'S CRIMINAL HISTORY

The United States of America, by and through undersigned counsel, respectfully requests that this Court issue an order *in limine* prohibiting Defendant Joshua Firmin from placing irrelevant and inadmissible information about the criminal history of the person identified in the Indictment as Victim 1 before the jury.

### I.    FACTUAL BACKGROUND

At the time of Defendant Firmin's offense, Victim 1 was in custody awaiting a judicial determination of whether he had violated the terms of his supervised release by failing a random drug screening.

Victim 1's term of supervised release had been imposed pursuant to Victim 1's 2022 conviction for one count of Theft of Firearms from a Federal Licensee. *See* W.D. La. Case No. 6:21-cr-232 at Dkt. 92, 94. The offense for which Defendant Firmin is charged occurred shortly before the scheduled commencement of the supervised release violation hearing. At the hearing, Victim 1 was found to have violated his supervised release and ordered to serve another 10 months

1

of incarceration. Following his release from that additional period of incarceration, Victim 1 was arrested on a state domestic violence charge. Victim 1 is currently in state pretrial detention pending disposition of that charge.

## II.    APPLICABLE LAW

The Federal Rules of Evidence place limitations on the use of criminal history information to attack a person's character for truthfulness. In short, Fed. R. Evid. 609 provides that *a witness* may be impeached with convictions for felony offenses and misdemeanor "crimes of dishonesty." If the conviction was imposed or the witness was released from custody within 10 years of his testimony, the conviction must be admitted subject to the ordinary balancing test provided for by Fed. R. Evid. 403. *See* Fed. R. Evid 609 Adv. Comm. Note to 1990 Amendments ("the amendment applies the general balancing test of Rule 403 to protect all litigants against unfair impeachment of witnesses.") If the witness's conviction or release date occurred more than 10 years before the date of testimony, the evidence is subject to "reverse 403" balancing – i.e., it may be admitted only if its probative value substantially outweighs its prejudicial effect.

When a witness may be impeached with a prior conviction, "examination is limited to the number of convictions, the nature of the crimes and the dates and times of the convictions." *United States v. Gordon*, 780 F.2d 1165, 1176 (5th Cir. 1986)*; Beaudine v. United States,* 368 F.2d 417, 421 (5th Cir. 1966). Arrests and charges that do not result in conviction are not proper grounds for impeachment. *United States v. Hodnett*, 537 F.2d 828, 829 (5th Cir. 1976).

Efforts to prove the character of a person who does not testify (i.e., is not a witness) are governed by Fed. R. Evid. 404(a), which provides that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait" and Fed. R. Evid. 405, which states that a person's character

trait may not be proved by specific instances of conduct unless character "is an essential element of a charge, claim, or defense."

Finally, under Fed. R. Evid. 403, a court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, wasting time, or repetition of evidence. *See* Fed. R. Evid. 403. Unfairly prejudicial evidence is evidence that tends to suggest that the jury make "a decision on an improper basis, commonly though not necessarily, an emotional one." *United States v. Grassi*, 602 F.2d 1192, 1997 (5th Cir. 1979), *rev'd on other grounds*, *Grassi v. United States*, 448 U.S. 902 (1980) (internal quotations and citations omitted). As the Fifth Circuit has recognized, "[o]ne purpose of Rule 403 is to prevent evidence from 'inducing decision on a purely emotional basis.'" *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (quoting Fed. R. Evid. 403, Advisory Committee Notes).

## III.    ARGUMENT

Defendant Firmin should not be permitted to place irrelevant and inadmissible information about Victim 1's criminal history before the jury, to include: (1) information about the facts underlying Victim 1's 2022 conviction for Theft of Firearms, (2) information about the conduct underlying the finding that Victim 1 violated his supervised release, (3) the fact of Victim 1's recent arrest and pretrial detention or the nature of the underlying allegations in that state case (4) any other arrests or allegations against Victim 1 that did not result in convictions, and (5) any unrelated interactions between Victim 1 and law enforcement.

### a.  Prior Convictions and Underlying Facts

If Victim 1 testifies at trial, information about his prior convictions will, of course, be admissible for impeachment purposes in accordance with the constraints imposed by Fed. R. Evid.

609. Any details about the facts underlying Victim 1's conviction would fall outside those constraints.

However, if Victim 1 does not testify, Defendant Firmin should not be allowed to inform the jury of his prior conviction. Rule 609 does not permit introduction of criminal history for the purpose of attacking the credibility of a person who has not testified at trial and whose credibility is accordingly not at issue.

Whether or not Victim 1 testifies, Defendant Firmin should not be allowed to inform the jury of non-impeachable criminal history information, such as arrests, pending charges, or other law enforcement encounters, because such information is irrelevant, inadmissible for character or impeachment purposes, and would pose a great danger of unfair prejudice that would substantially outweigh any probative value it might have.

Any attempt to use information about Victim 1's criminal history or prior law enforcement interactions in order to seek to persuade the jury that he was the initial aggressor in his encounter with Defendant Firmin would clearly run afoul of Rules 404 and 405, because such an attempt would constitute use of evidence of specific instances of conduct to prove character (prohibited by Rule 405) for the purpose of proving action in conformity during the charged incident (prohibited by 404(a)).

### b. Other Arrests and Pretrial Detention

Defendant Firmin should be prohibited from informing the jury that Victim 1 was re-arrested after the events at issue in this case, or that he is currently incarcerated pending trial on state charges. Likewise, Defendant Firmin should not be permitted to inform the jury about any other history of arrests or other law enforcement interactions Victim 1 may have. Such information

has no relevance, cannot be used as proof of a pertinent character trait, and would pose a great danger of unfair prejudice to the government by inviting jury nullification.

Victim 1's unrelated law enforcement interactions and arrest history have no relevance to the question of whether Defendant Firmin willfully violated his Eighth Amendment rights. But informing the jury about unrelated arrests and law enforcement interactions could induce some jurors to render a verdict based on the improper consideration of whether Victim 1 is a bad person or is undeserving of the law's protections. *See Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir. 2013) (observing "that civil rights actions often pit unsympathetic plaintiffs— criminals, or members of the criminal class—against the guardians of the community's safety," and reasoning, therefore, that presenting a civil rights victim's "criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motive.").

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

Date:    March 13, 2026

By:    /s/ *Alec C. Ward*
   Alec C. Ward
   Trial Attorney
   U.S. Department of Justice
   Civil Rights Division, Criminal Section
   150 M Street NW
   Washington, DC 20002
   (202) 532-3991
   alec.ward@usdoj.gov

   and

   DAVID I. COURCELLE
   United States Attorney

5

Eastern District of Louisiana

By: /s/ *Chandra Menon*
Chandra Menon
Assistant United States Attorney
Eastern District of Louisiana
*Acting Under Authority Conferred by 28 U.S.C. § 515*
650 Poydras St., Suite 1600
New Orleans, LA 70130
(405) 680-3000
Chandra.Menon@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2026, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all counsel of record by operation of the Court's electronic

filing system. Parties may access this filing through the Court's system.

By:     <u>/s/ *Alec Ward*</u>
Alec Ward
Trial Attorney
Civil Rights Division, Criminal Section
150 M St NE
Washington, DC 20002
(202) 532-3991
Alec.ward@usdoj.gov